IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARQUILS HUNTER,

        Plaintiff,

v.                                                  CIV 10-0906 KBM/DJS

KLA TENCOR CORPORATION,
JOHN SKOUSEN, and TERRY HENDRIX,

        Defendants.

## ORDER EXCLUDING WITNESSES

THIS MATTER is before the Court on Plaintiff's Motion to Exclude Witnesses and for Sanctions *(Doc. 59)*. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, each party is required to disclose "Individuals likely to have discoverable information" or information on which the party intends to rely at trial. Fed. R. Civ. P. 26(a)(1)(I). Defendants did not disclose Joe Milia, Brian Crethers, or Larry Hagood pursuant to Rule 26. *See Doc. 10* at 3-4.

Rule 26 further requires each party to supplement its initial disclosures. Fed. R. Civ. P. 26(e). However, Defendants did not disclose Milia, Crethers or Hagood as potential witnesses until July 28, 2011. *See Doc. 57*. Defendants had not previously disclosed these witnesses either in discovery or in the Pre-Trial Order

that the parties submitted to the Court. *See Doc. 59; Pre-Trial Order draft, attached as Exhibit A.*

Defendants argue that Milia, Crethers, and Hagood "were properly identified pursuant to the various scheduling orders in this case." *See Doc. 85*. This assertion ignores Defendants' discovery obligations pursuant to Rule 26, which was designed to eliminate "trial by ambush." *See, e.g.,* Rule 26(a), advisory committee's note (1993) (noting that "this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement"). Whereas Defendants also point out that Plaintiff was aware of these individuals, having testified about them and heard testimony about them in February and March, *see Doc. 85* at 3, Defendants were obligated nonetheless to disclose these individuals as potential witnesses much earlier.

Discovery closed on May 27, 2011. *See Doc. 39*. Trial is set to begin in less than 72 hours. Plaintiff is undoubtedly unfairly prejudiced by Defendants' late disclosure of witnesses.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Witnesses and for Sanctions *(Doc. 59)* is GRANTED in part. Defendants are not permitted to call Joe Milia, Brian Crethers, or Larry Hagood as witnesses at trial, except for impeachment purposes as allowed by the rules. To the extent the motion seeks other relief, it is denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE