IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARQUILS HUNTER,

       Plaintiff,

v.                                                            CIV 10-0906 KBM/DJS

KLA TENCOR CORPORATION,
JOHN SKOUSEN, and TERRY HENDRIX,

       Defendants.

## **ORDER ON MOTIONS IN LIMINE**

THIS MATTER is before the Court on Defendants' multiple motions in limine. *See Docs. 63-68 & 71.* Each motion will be addressed seriatim, as follows:

**I.  Short Sale of Rental Property**

After he was laid off by Defendant KLA Tencor Corp., Plaintiff had to sell two pieces of rental property for less than their full value. *See Doc. 80* at 2-3. Defendants contend that all evidence of Plaintiff's short sale of his rental properties, including Plaintiff's proposed Exhibits 6,7, and 8, should be excluded from trial because Plaintiff's financial loss from these short sales is not recoverable as damages in a discrimination cause of action. *See Doc. 63* at 1. Additionally,

Defendants point out that Plaintiff's proposed Exhibits 6, 7, and 8 contain hearsay and should be excluded on this basis as well. *See Doc. 69*. Plaintiff argues that evidence of the short sales is relevant and admissible as evidence of his state of mind, including the stress he experienced after the loss of his employment. *See Doc. 80* at 3.

The Court agrees with Defendants that Plaintiff's financial losses are not recoverable as damages. However, the Court finds that the fact of the short sales is relevant to Plaintiff's emotional distress claim. Therefore, I will admit testimony concerning the short sales, including the amount of losses, subject to a limiting instruction. Documentary evidence of the short sales, including Plaintiff's proposed Exhibits 6, 7, and 8, may be used to refresh Plaintiff's recollection if necessary, but it will not be admitted absent special circumstances arising during the trial that justify their admission. The existence of such circumstances must be confirmed at a bench conference prior to any attempted admission.

## II. Financial Information and Punitive Damages

Defendants seek to exclude evidence of Defendant KLA Tencor Corporation's financial condition and its public or other corporate financial reports. *See Doc. 64*. Clearly such information is relevant to punitive damages, but I agree with Defendants such evidence should not be admitted unless Plaintiff makes a

prima facie showing that he is entitled to a punitive damages instruction. *See id.* At such time, the relevance would outweigh undue prejudice to Defendants.

Plaintiff argues that information as to Defendant KLA Tencor's financial condition is also relevant to their arguments concerning pretext. *See Doc. 79* at 2. Plaintiff anticipates that Defendants will rely on the following explanation for the decision not to provide Plaintiff with a written warning or place him on a performance improvement plan (PIP): if Plaintiff had exercised his option to resign upon issuance of the PIP, Defendants would have been unable to hire a replacement for him due to KLA Tencor's financial difficulties. *See Doc. 79* at 2-3. But there is some confusion associated with the timing and reasons for that decision. *See id.*

Evidence of a defendant corporation's financial status can be very prejudicial in a case like this, and I will not admit such evidence until such time as its probative value is clearly established and outweighs undue prejudice to Defendants. Plaintiff should approach prior to any introduction of such evidence if offered to demonstrate pretext.

III. **2001/2002 Events and Notes**

Defendants seek to exclude Plaintiff's proposed Exhibit 1 and any testimony or other reference to "alleged incidents of racially derogatory remarks involving

co-workers or supervisors while Plaintiff was employed in California in 2001 or 2002." *Doc. 65*. Plaintiff has not filed a formal response to this motion but was heard at the status conference/hearing held yesterday. I recognize that there is a significant danger of unfair prejudice toward Defendants if this evidence was to be admitted. Given the decade since those events allegedly took place, that prejudice outweighs any probative value of testimony about those events. I therefore will grant Defendants' motion to exclude the evidence, including Plaintiff's proposed Exhibit 1, from evidence at this time.

**IV.     Human Rights Bureau File and Proceedings**

Defendant seeks to exclude any evidence regarding the State Human Rights Bureau ("HRB") proceedings, including Plaintiff's proposed Exhibit 4, which consists of the HRB's file on this matter. *See Doc. 66*. Plaintiff seeks to admit evidence solely as to the date that Defendants received notice of Plaintiff's initial claim to the HRB. *See Doc. 81* at 2. Such evidence is purportedly probative of a potential spoliation issue, according to Plaintiff, that being the timing of the HRB claim and Defendant Skousen's destruction of his files containing feedback provided to Plaintiff and other employees that he supervised. *See id.*

For Plaintiff's purposes, the only information concerning the HRB proceedings that is relevant is the date on which Defendants were provided notice.

The parties have therefore agreed to stipulate as to the date notice was given. Apart from this date, no other evidence concerning the HRB proceedings is relevant and the danger of unfair prejudice and confusion resulting from such evidence is too great to allow the admission of same. I will therefore grant Defendants' motion and further instruct the parties to refrain at trial from referencing the HRB or its proceedings.

**V.     Salary**

Given that Plaintiff does not object to Defendants' motion in limine on this topic, the Court will prohibit any reference in testimony or other evidence to the fact that Plaintiff may have been paid less than his coworkers.

**VI.    Personal Information**

Again, in light of Plaintiff's lack of any objection, I will grant Defendant's motion in limine on this topic and order the redaction of personal identifying information on all exhibits. I anticipate and expect that the parties will work together to agree on and execute the appropriate redactions.

**VII.   Retaliation**

After the Court issued its Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment in part and dismissing Plaintiff's retaliation claim, Defendants filed a motion seeking to bar reference to Defendant

Skousen's remarks about the Roots mini-series and Kunta Kinte, which formed the basis of Plaintiff's retaliation claim. *See Doc. 71*. Plaintiff opposes exclusion of this incident from evidence, arguing that it is relevant to his discrimination claim. *See Doc. 84*.

I agree that the Roots remark is relevant and admissible. However, I will not allow any reference to alleged retaliation on the basis of this remark, as I have previously ordered that Plaintiff's retaliation claim is dismissed.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Motion in Limine: Short Sale of Rental Property *(Doc. 63)* is granted in part and denied in part. Plaintiff's proposed exhibits 6, 7, and 8 will not be admitted absent special circumstances, the existence of which must be confirmed in a bench conference prior to introduction. However, Plaintiff is permitted to testify concerning these documents and their contents, and they may be used to refresh his recollection.

2. Defendants' Motion in Limine: Financial Information and Punitive Damages *(Doc. 64)* is granted at this time. Evidence concerning KLA Tencor Corporation's net worth or financial condition will not be admitted until and unless Plaintiff first establishes a prima facie basis for a punitive damages instruction or

the appropriate foundation to discuss KLA Tencor's financial condition relevant to pretext. The existence of the required prima facie basis and/or foundation must be confirmed in a bench conference prior to the introduction of the subject evidence.

    3.    Defendants' Motion in Limine: 2001/2002 Events and Notes *(Doc. 65)* is granted.

    4.    Defendants' Motion in Limine: Human Rights Bureau File and Proceedings *(Doc. 66)* is granted. Plaintiff may introduce evidence relating solely to the date on which notice of "Plaintiff's claim" was provided to Defendants.

    5.    Defendants' Motion in Limine: Salary *(Doc. 67)* is granted.

    6.    Defendants' Motion in Limine: Personal Information *(Doc. 68)* is granted.

    7.    Defendants' Motion in Limine: Retaliation *(Doc. 71)* is granted in part. Plaintiff may introduce evidence of Defendant Skousen's Roots remark, but evidence as to retaliation on the basis of this remark will not be admitted.

Finally, because trial is always unpredictable, these evidentiary rulings may be revisited at any time.

*[signature: Karen B Molzen]*
UNITED STATES CHIEF MAGISTRATE JUDGE